UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NEIL J. BARRETT,

      Plaintiff,

  - against -

D.J. KNIGHT & COMPANY, LTD. D/B/A DJK,
D/B/A DJK RESIDENTIAL D/B/A DJ KNIGHT
RELOCATION and SIRVA RELOCATION LLC,

      Defendants.
------------------------------------------------------------------x

07 CV 7945

## SIRVA RELOCATION LLC'S ANSWER TO COMPLAINT

  Defendant SIRVA RELOCATION LLC d/b/a DJK and d/b/a DJ KNIGHT RESIDENTIAL as and for its Answer to plaintiff's Verified Complaint, by and through its attorneys Dombroff Gilmore Jaques & French, provides as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

  2. The allegations contained in paragraph 2 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied, except SIRVA RELOCATION LLC admits that in and around September 2004 it purchased the trade names "DJK" and "DJK RESIDENTIAL" and currently uses such names in connection with its business.

  3. Denies the allegations contained in paragraph 3, except admits that SIRVA RELOCATION LLC is a limited liability company organized under the laws of the state of Delaware. SIRVA RELOCATION LLC purchased the assets of D.J.

KNIGHT & COMPANY, LTD. as well as the trade names "DJK" and "DJK RESIDENTIAL" in and around September 2004.

## FACTS COMMON TO ALL CAUSES OF ACTION

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

10. The allegations contained in paragraph 10 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

11. The allegations contained in paragraph 11 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

12. The allegations contained in paragraph 12 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

16. The allegations contained in paragraph 16 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

17. Denies the allegations contained in paragraph 17, except admits that SIRVA RELOCATION LLC purchased the assets of D.J. KNIGHT & COMPANY, LTD. as well as the trade names "DJK" and "DJK RESIDENTIAL" in and around September 2004.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Defendant SIRVA RELOCATION LLC was not involved in renting the subject premises to Mr.

Justin Goldstein and Mr. Yan Litvinov. SIRVA RELOCATION neither acted as a real estate agent or real estate broker with respect to the rental.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS FOR THIRD PARTY BENEFICIARY
<u>BREACH OF CONTRACT</u>**

40. SIRVA RELOCATION LLC repeats, reiterates, and realleges each and every response to paragraphs 1 through 39 as if fully set forth herein.

41. The allegations contained in paragraph 41 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent

facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 41 state a legal conclusion, to which no response is required.

42. The allegations in paragraph 42 state a legal conclusion, to which no response is required.

43. The allegations contained in paragraph 43 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 43 state a legal conclusion, to which no response is required.

44. The allegations contained in paragraph 44 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

45. The allegations contained in paragraph 45 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 45 state a legal conclusion, to which no response is required.

46. The allegations contained in paragraph 46 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 46 state a legal conclusion, to which no response is required.

47. The allegations contained in paragraph 47 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 47 state a legal conclusion, to which no response is required.

48. Denies the allegations contained in paragraph 48.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR PROMISSORY ESTOPPEL

49. SIRVA RELOCATION LLC repeats, reiterates, and realleges each and every response to paragraphs 1 through 48 as if fully set forth herein.

50. The allegations contained in paragraph 50 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

53. The allegations contained in paragraph 53 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

54. Paragraph 54 contains a legal conclusion and, therefore, no response is required. To the extent that facts are alleged against SIRVA RELOCATION LLC, they are denied.

55. Denies the allegations contained in paragraph 55.

56. The allegations contained in paragraph 56 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied.

57. Denies the allegations contained in paragraph 57.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS FOR NEGLIGENCE

58. SIRVA RELOCATION LLC repeats, reiterates, and realleges each and every response to paragraphs 1 through 57 as if fully set forth herein.

59. The allegations contained in paragraph 59 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 59 state a legal conclusion, to which no response is required.

60. The allegations contained in paragraph 60 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 60 state a legal conclusion, to which no response is required.

61. The allegations contained in paragraph 61 are directed to a party other than SIRVA RELOCATION LLC and, therefore, no response is required. To the extent facts are alleged against SIRVA RELOCATION LLC, they are denied. Further, the allegations in paragraph 61 state a legal conclusion, to which no response is required.

62. Denies the allegations contained in paragraph 62.

### AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses to the Complaint and each cause of action thereof it is alleged:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state any claims against SIRVA RELOCATION LLC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

SIRVA RELOCATION LLC states that Plaintiff's claims and/or damages, if any, were caused in whole or in part by his own comparative fault and/or the comparative fault of others.

## THIRD AFFIRMATIVE DEFENSE

The incident and damages complained of in the Complaint were the result of acts and/or omissions of parties and/or persons over whom SIRVA RELOCATION LLC exercised no control. The alleged damages were caused in whole or in part by the neglect, fault, and want of care by persons or entities other than Defendant SIRVA RELOCATION LLC, for whose acts or omissions Defendant SIRVA RELOCATION LLC, is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

The negligence or fault of third parties was a proximate, contributing, or superseding cause to Plaintiff's alleged damages. Such negligence or fault thereby bars or diminishes Plaintiff's claims for damages against the defendants.

## FIFTH AFFIRMATIVE DEFENSE

No acts or omissions of SIRVA RELOCATION LLC were the proximate cause of the incident and damages complained of in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The incident and damages complained of in the Complaint were not a foreseeable consequence of any acts or omission of SIRVA RELOCATION LLC.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join necessary and indispensable parties to this action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff/owner hired the broker who rented the subject apartment to the tenants in January 2006. SIRVA RELOCATION LLC was not involved in renting the property at that time.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of his failure to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**

SIRVA RELOCATION LLC further states that Plaintiff's claims and/or damages, if any, are contractually limited.

**ELEVENTH AFFIRMATIVE DEFENSE**

Without admitting to the existence of any contract or responsibility, SIRVA RELOCATION LLC contends that it did not breach any duty or contract between the parties.

**TWELFTH AFFIRMATIVE DEFENSE**

SIRVA RELOCATION LLC is entitled to an offset of any damages that it is held liable to pay by the amount of money or other compensation the Plaintiff already received for the alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The limitations of Article 16 of the CPLR apply to limit Plaintiff's damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant SIRVA RELOCATION LLC followed all necessary and applicable rules, regulations, procedures and guidelines in connection with its acts and omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to New York CPLR §4545, and the applicable statutes, recovery of damages alleged by Plaintiff should be barred and/or diminished to the extent that Plaintiff has or will receive payment from collateral sources.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are limited to the applicable contract terms and provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The contract excludes the damages sought by plaintiffs in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

SIRVA RELOCATION reserves the right to add any other affirmative defenses.

WHEREFORE, Defendant SIRVA RELOCATION LLC prays that the Verified Complaint be dismissed in its entirety, and judgment be entered in favor of this defendant together with the costs and disbursements of this action, and such other and further relief as this Court deems proper.

Dated: New York, New York
       September 12, 2007

>DOMBROFF GILMORE JAQUES & FRENCH
>
>By: _/s/ Karen Berberich_
>   Karen M. Berberich (KM 6300)
>40 Broad Street, Suite 701
>New York, NY 10004
>Tel (212) 742-8450
>Fax (212)742-0161
>Attorneys for Defendant
>SIRVA RELOCATION LLC

TO:    Rosario DeVito, Esq.
       Law Offices of Paul J. Giacomo, Jr.
       405 Lexington Avenue, 37th Floor
       New York, New York 10174
       Telephone: (212) 486-0200
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney at law of the State of New York certifies that on September 12, 2007, a true and correct copy of the foregoing SIRVA RELOCATION LLC's Answer to Complaint was served via Overnight Mail on the following named attorney(s):

>Rosario DeVito, Esq.
>Law Offices of Paul J. Giacomo, Jr.
>405 Lexington Avenue, 37th Floor
>New York, New York 10174

By: /s/ Karen M. Berberich
Karen M. Berberich (KB 6300)