UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NEIL J. BARRETT,                                              07 Civ.7945 (LAK)

                          Plaintiff,

                                                      **AMENDED NOTICE**
       - against -                                  **OF REMOVAL**

D.J. KNIGHT & COMPANY, LTD. D/B/A DJK,
D/B/A DJK RESDIENTIAL, D/B/A DJ KNIGHT
RELOCATION and SIRVA RELOCATION LLC,

                          Defendants.
------------------------------------------------------------------x

       Defendant SIRVA RELOCATION LLC d/b/a DJK and d/b/a DJ KNIGHT RESIDENTIAL (hereinafter "SIRVA") by and through its attorneys, Dombroff Gilmore Jaques & French, as and for an Amended Notice of Removal, states as follows:

       1.      This Amended Notice of Removal is being filed in response to this Court's Order dated September 17, 2007 requesting a filing of an Amended Notice of Removal to adequately allege subject matter jurisdiction for this action.

       2.      The long-standing rule is that where removal is sought, all defendants must join in seeking removal. *See* Anglada v. Roman, U.S. Dist. LEXIS 90003 (S.D.N.Y. 2006) *citing* Bradford v. Harding, 284 F.2d 307, 309 (2d Cir. 1960); *see also* Avon Prod., Inc. v. A/J Partnership, U.S. Dist. LEXIS 2186 (S.D.N.Y. 1990). There are three exceptions to this rule: (i) where the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) where the non-joining defendants are nominal parties; or (iii) where the removed claim is a separate and independent cause of action as defined by 28 U.S.C. §1441(c). *See* Anglada v. Roman, U.S. Dist. LEXIS 90003 (S.D.N.Y. 2006) *citing* Varela v. Flintlock Construction, Inc., 148 F. Supp.2d 297, 300 (S.D.N.Y. 2001) (*citing* Ell v. S.E.T.

Landscape Design, Inc., 34 F. Supp.2d 188, 194 (S.D.N.Y. 1999); see also Still v. DeBuono, 927 F. Supp. 125, 129 (S.D.N.Y.), aff'd 101 F.3d 888 (2d Cir. 1996) citing Avon Prod., U.S. Dist. LEXIS 2186 (S.D.N.Y. 1990); McKay v. Point Shipping Corp., 587 F. Supp. 41, 42 (S.D.N.Y. 1984). Two of these exceptions apply in this matter. D.J. Knight & Company, Ltd., the non-joining defendant, has not been served with service of process and is a nominal party.

### D.J. KNIGHT & COMPANY, LTD. HAS NOT BEEN SERVED WITH PROCESS IN THIS ACTION

2. There are two defendants named in the Complaint, SIRVA Relocation LLC and D.J. Knight & Company Ltd. Only SIRVA has been served in this action. To date, D.J. Knight & Company Ltd. has not been properly joined or served with process.

3. After receiving this Court's Order, SIRVA, through its attorney, contacted David J. Knight, the former Chairman and Chief Executive Officer of D.J. Knight & Company Ltd. Mr. Knight confirmed that he has no knowledge of this lawsuit and has never been served with this lawsuit. See Exhibit A. There is no registered agent for D.J. Knight & Company. Ltd. Mr. Knight is listed as the person to whom service would be sent and, therefore, would be the person with knowledge of service of this lawsuit on D.J. Knight & Company, Ltd.

4. As D.J. Knight & Company, Ltd. was not served with process when the removal was filed by SIRVA, and to date has not been served with process, its consent to the removal is not required.

### D.J. KNIGHT & COMPANY IS A NOMINAL PARTY

5. Mr. Knight explained that D.J. Knight & Company Ltd. is not an active company, that it was officially dissolved when SIRVA purchased the assets and trade names of the company in 2004. See Exhibit A. Although plaintiff's employer originally contracted with D.J.

Knight & Company Ltd. in 2001 for property management services for plaintiff, SIRVA purchased the assets of D.J. Knight & Company, Ltd. in and around September 2004. Accordingly, SIRVA took over the handling of plaintiff's contract. All of the actions which plaintiff complains of in his Complaint occurred after 2004, when SIRVA was handling plaintiff's contract and D.J. Knight & Company Ltd. was no longer involved. All of the actions complained of in the Complaint were at the time SIRVA was managing plaintiff's property. SIRVA is uncertain as to why D.J. Knight & Company, Ltd. would even be named as a party to this lawsuit. D.J. Knight & Company, Ltd. is a nominal defendant and not a real party in interest in this litigation.

6. As D.J. Knight & Company is a nominal defendant in this action, its consent to the removal is not required.

### THIS COURT HAS SUBJECT MATTER JURSIDCTION OVER THIS ACTION

7. Further, as D.J. Knight & Company, Ltd. is a nominal defendant in this action, and not a real party in interest or a real party to the controversy, the jurisdiction of D.J. Knight & Company, Ltd. is not a consideration in determining diversity jurisdiction. See Long Island Lighting Co. v. Aetna Cas. & Sur. Co., U.S. Dist. LEXIS 13720 (S.D.N.Y. 1997). A federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." See Long Island Lighting Co. v. Aetna Cas. & Sur. Co., U.S. Dist. LEXIS 13720 (S.D.N.Y. 1997) citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61, 100 S. Ct. 1779 (1980) (internal quotations and citations omitted).

8. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a). SIRVA is a citizen of Delaware and the plaintiff is a citizen of England. D.J. Knight & Company, Ltd. as a nominal party is not a consideration in the diversity analysis.

9.  Diversity jurisdiction is proper between a citizen of a state (Delaware) and a citizen or subject of a foreign state (England).  Defendant SIRVA is a single member limited liability company organized under the laws of the state of Delaware.  Its only member is North American Van Lines Inc., which is Delaware corporation.  Accordingly, SIRVA RELOCATION LLC is a citizen of Delaware.  Plaintiff is an individual residing in the City of London and Country of England.  Further, the matter in controversy is in excess of $75,000.  Pursuant to plaintiff's Complaint, plaintiff seeks in excess of $600,000.

WHEREFORE, defendant SIRVA respectfully requests that this action remain in this Court as diversity jurisdiction is proper.

Dated: New York, New York
       September 27, 2007

                                              DOMBROFF GILMORE JAQUES & FRENCH

                                              By: _____
                                                   Karen M. Berberich (KB 6300)
                                            40 Broad Street, Suite 701
                                            New York, New York 10004
                                            Telephone: (212) 742-8450
                                            Facsimile:  (212)742-0161
                                            Attorneys for Defendant SIRVA RELOCATION
                                            LLC d/b/a DJK and d/b/a DJ KNIGHT
                                            RESIDENTIAL

TO:   Rosario DeVito, Esq.
       Law Offices of Paul J. Giacomo, Jr.
       405 Lexington Avenue, 37th Floor
       New York, New York 10174
       Telephone:  (212) 486-0200
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney at law of the State of New York certifies that on September 27, 2007, a true and correct copy of the foregoing Amended Notice of Removal was served via Overnight Mail on the following named attorney(s):

Rosario DeVito, Esq.
Law Offices of Paul J. Giacomo, Jr.
405 Lexington Avenue, 37th Floor
New York, New York 10174

By: _____
Karen M. Berberich (KB 6300)

A

Case 1:07-cv-07945-LAK   Document 7   Filed 09/27/2007   Page 6 of 8

## Berberich, Karen

**From:** david knight gmail [djknight1@gmail.com]
**Sent:** Tuesday, September 25, 2007 7:02 PM
**To:** Berberich, Karen
**Subject:** Re: Barrett Lawsuit

ms. berberich,

d.j. knight & company, ltd. is not an active company. it was officially closed when sirva bought my company. i don't know who neil j. barrett is and have no knowledge of anything you write of below.

best regards,

david knight

On 9/26/07, **Berberich, Karen** <kberberich@dglitigators.com> wrote:

> Dear Mr. Knight,
>
> I am an attorney for SIRVA Relocation LLC. I found your contact information from your website. I called the number listed and the message said to send an e-mail to this address. SIRVA was recently served with a Complaint by Neil J. Barrett in which D.J. Knight & Company Ltd. is also named as a defendant. I understand that SIRVA bought certain assets and trade names of your company in 2004, but that your company, D.J. Knight & Company Ltd. is still an active New York company. Has DJ Knight been served with this lawsuit? Do you have an attorney representing your company in this action? Have you appeared in the lawsuit?
>
> The reasons for my asking are that we recently removed the case from state court to federal court. The federal court is threatening to send the case back down to state court because it needs your consent to stay in federal court. Would either you or if you have an attorney, your attorney, call me to discuss this case? My telephone number is 212-742-8450. The Court is giving us until Thursday to resolve this issue, so if you could contact me at your earliest convenience, it would be appreciated.
>
> Thank you.
>
> Regards,
>
> Karen Berberich
>
> Dombroff Gilmore Jaques & French
>
> 40 Broad Street, Suite 701

9/27/2007

New York, New York 10004

212-742-8450